[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this summary process action, the Plaintiffs seek execution for possession claiming that the Defendant violated a stipulation of the parties which stayed execution until July 31, 1999. The Plaintiffs claim that the Defendant, contrary to the stipulation of July 7, 1998(1) failed to make a good faith effort to sell her mobile home (2) violated rules and regulations of the park by using Plaintiffs' adjacent land without consent and (3) continued to keep a pet on the premises after the Plaintiffs had withdrawn consent for her to keep same and contrary to court's order of August 11, 1998 that she remove the dog by September 1, 1998. The Defendant denies violating the stipulation and asserts that she has complied with all its conditions and with the court order that she remove her pet dog from the premises. The Plaintiffs raised several other claims at the hearing but since they were not alleged in their latest motion for terminating the stay of execution, the court declines to now consider them.
The Defendant owns the mobile home located in Plaintiffs' mobile home park where she has been a tenant for approximately six years. The Plaintiffs brought this action in April 1998 to evict the Defendant and on July 7, 1998 the parties stipulated for judgment of possession for the Plaintiffs with a stay of execution for July 31, 1999 subject to conditions among others that the Defendant agree "to make a good faith effort to sell her mobile home within twelve months" and that she "obey all rules and regulations of the park."
The Court finds that since September 1, 1998, the dog has been in the custody of the Defendant's friend, Janette Lynch, away from the premises. Early in December, Lynch noted that the dog was limping and without prior notice to the Defendant she brought the dog to Defendant's premises to have Defendant check it. The Defendant took the dog for a short walk on the premises and Lynch thereafter removed the dog to her home. The dog was on the premises on this one occasion in December for about one hour.
The Court also finds that the Defendant had initially been given permission from the Plaintiffs to use the adjacent property for jogging. Rule 7 of the parks' Rules and Regulations (Plaintiffs' Exhibit 1) provides that tenants activities shall be restricted and confined to the area identified as the park proper and shall not extend to other areas owned by the landlord adjacent to the park. After this action was instituted, the Plaintiffs withdrew such permission and since then the Defendant has confined her activities to the park. CT Page 1364
Finally, the Court finds that the Defendant has placed her unit for sale with the ABC Realty Company operated by one Leo Archambeault. As a result of the realtor's activities, some half dozen prospective buyers have contacted the Defendant and been shown the mobile home. The Defendant has, since this action started, looked into the possibility of purchasing a vacant lot upon which to relocate her mobile home. The Defendant, although requested to do so by Plaintiffs' attorney, has not informed him of her activities in attempting to sell the unit nor has she advertised in any newspaper or periodical that the unit was for sale. Further, she has not caused any "for sale" sign to be placed either at the entrance to the park nor on the lot that she occupies.
The Court concludes that the Plaintiffs have not met their burden of proof as to any of their three claims. The one occasion when the dog was brought to the Defendant's home by Lynch so that the Defendant could check out the dog does not constitute a willful violation of the Court's order to remove the dog by September 1, 1999. The use of adjacent property by the Defendant with the permission of the Plaintiffs is not violative of Rule 7 of the parks' regulations prior to withdrawal of such permission. The evidence shows that the Defendant ceased such use once she was told to discontinue same. Finally, the Court concludes that the Defendant has endeavored in good faith to sell her unit, although she could have done more such as advertising in the classified section of newspapers and periodicals and posting of signs both on her lot and (with permission of the Plaintiffs) at the park entrance.
Although the Defendant is not required to inform the Plaintiff of her efforts in attempting to sell the property, the Defendant is hereby notified that Connecticut General Statute (C.G.S.) § 21-80d[1] provides that where execution on a summary process judgment is stayed beyond six months from the date of judgment, the matter shall be reviewed every two months to determine that the resident is making a good faith effort to sell the home.
The Plaintiffs' motion for termination of the stay of execution is denied. The Defendant is ordered to appear before this Court on April 6, 1999 and also on June 8, 1999 and submit to the Court evidence of her good faith efforts to sell her mobile home or to relocate it. CT Page 1365
 Tamborra ____________________________ Judge Trial Referee